company operating over the tracks of his employer is within the protection of statutes and ordinances relating to the speed of trains.

9. RAILROADS, § 464*—*who within protection of statute as warning.* A crossing flagman killed by the train of another company operating over the tracks of his employer is within the protection of statutes and ordinances requiring headlights on trains and the giving of warning signals.

10. INSTRUCTIONS, § 1*—*use of expressions found in judicial opinions.* Isolated and fragmentary expressions found in judicial opinions may very infrequently be safely employed as vehicles for accurate statements as to the law of a case, to be embodied in instructions.

---

### Albert G. McLean, Plaintiff in Error, v. Thomas M. Hunter, Bailiff, Defendant in Error.

### Gen. No. 19,384.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed April 28, 1915.

### Statement of the Case.

On April 15, 1911, the Consolidated Agency Company, a corporation, recovered a judgment in the Municipal Court against Albert G. McLean for $62.20, and on April 24th, following, an execution issued on said judgment was served on said McLean by the bailiff of the Municipal Court, who then notified McLean that he must, within ten days thereafter, file a schedule of his property, if he desired to avail himself of the benefit of the exemption laws. On May 1st, following, McLean executed what purported to be a schedule of his personal property, wherein he set forth that he was the head of a family consisting of a wife

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and one child, and resided with the same, and stated that he desired to avail himself of the benefit of the act relating to exemptions. The property schedule was described therein, as follows: "A small stock of groceries and meats not to exceed One Hundred Dollars ($100.00); one suit of clothes. Cash on hand, None; Debts due and owing me, None." On May 2nd, following, the attorney for McLean went to the office of the bailiff of the Municipal Court and handed the schedule to a deputy bailiff at the window there, and told him that he (the attorney) had a schedule here. The deputy bailiff took the schedule, examined it, folded it up and stamped it: "Received—First District. Thomas M. Hunter, Bailiff of the Municipal Court of Chicago, this 2nd day of May, A. D. 1911."

After the filing of the said schedule in the office of the bailiff, the attorney for the judgment creditor was notified thereof, and he then informed the chief deputy bailiff that the manner of the description of the property in the schedule rendered the same illegal and void for uncertainty. Upon the execution by the judgment creditor of an indemnifying bond, the bailiff levied the execution upon certain specifically described property, consisting of more than one hundred separate items of property, such as are ordinarily included in a stock of groceries and meats, and being the same property which was claimed by McLean to be exempt. McLean then procured a writ of replevin to be issued out of the Municipal Court for the recovery of said property from the bailiff and said property was taken under said writ by the sheriff and returned to McLean.

Upon the trial of the replevin suit in the Municipal Court, a jury having been waived, the court found the issues in favor of the defendant, Thomas M. Hunter, bailiff, and judgment was entered upon such finding for the return of said property to said defendant and against the plaintiff, McLean, for costs. This writ of error is prosecuted to reverse such judgment.

LITZINGER, McGURN & REID, for plaintiff in error; LEONARD C. REID, of counsel.

WILLIAM CHONES and OLAF F. SEVERSON, for defendant in error; CHARLES E. CARPENTER, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. EXEMPTIONS, § 28*—*what are requisites of schedule.* A schedule under which the debtor claims exemptions, which describes the property claimed as exempt as "A small stock of groceries and meats not to exceed One Hundred Dollars ($100.00); one suit of clothes. Cash on hand, None; Debts due and owing me, None," is insufficient under the Exemption Act (J. & A. ¶ 5584).

2. EXEMPTIONS, § 28*—*what are requisites of schedule.* The schedule in which exemptions are claimed should list separately each article of a distinct kind or of a distinct quality, and the filing of a schedule claiming exemptions which does not do so is not a compliance with the statute (J. & A. ¶ 5584), which provides that the debtor "shall make a schedule of every kind and character."

3. EXEMPTIONS, § 28*—*when defects in schedule not waived.* The act of the bailiff of the Municipal Court in receiving and filing a schedule claiming exemptions without objections as to its sufficiency does not operate to estop him from contesting the sufficiency of such schedule or operate as a waiver of any informality therein.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.